AUSTIN P. NAGEL, ESQ.
California State Bar #118247
GRACE E. FELDMAN, ESQ.
California State Bar #261936
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 388
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Secured Creditor,
WELLS FARGO BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Case No. 09-72118 RJN<br>(Chapter 13 Proceeding) |
| GARY S. KING and<br>JANICE R. KING,<br><br>　　　　　　Debtors.<br>_____/ | STIPULATION REGARDING POSITION OF SECURED CREDITOR, WELLS FARGO BANK, N.A., UNDER CHAPTER 13 PROCEEDING |

　　　　IT IS HEREBY STIPULATED AND AGREED TO between the parties hereto, by and through their respective counsel, as follows:

　　　　1.　　At the time the Debtors, GARY S. KING and JANICE R. KING (hereafter referred to as the "Debtors") filed the Chapter 13 Bankruptcy petition described above, the parties hereto agree that Secured Creditor, WELLS FARGO BANK, N.A. (hereinafter referred to as "Secured Creditor") was the holder and owner of a promissory note secured by a Second Deed of Trust on the real property located at 939 Woodland Drive in San Ramon, California (hereinafter referred to as the "Property"). In this regard, the amount due on owing on the aforementioned promissory note at the time the Debtors filed their bankruptcy petition was $160,773.22 (**hereafter referred to as the "full balance"**).

///

1

2. On or about February 24, 2010, the Debtors, by and through their counsel filed a Motion to Value Security of Wells Fargo alleging therein that the value of the Property was less than that was owed on the first deed of trust duly recorded against the Property.

3. Secured Creditor timely objected to the Motion to Value Security of Wells Fargo filed by the Debtors and alleged that the value of the Property in fact exceeded the amount owed on the first deed of trust and therefore the Debtors were obligated to repay Secured Creditor the full amount owed on the promissory note secured by the second deed of trust.

4. In view of the dispute that has arisen between Debtors and Secured Creditor and the uncertainty and cost of litigation the parties hereto wish to amicably resolve the dispute in accordance with the terms set forth below.

5. The parties hereto agree that Secured Creditor, for purposes of Debtors' Chapter 13 plan herein, shall be the holder and owner of a modified secured claim pursuant to its promissory note and second deed of trust in the sum of **$58,000.00, WITH INTEREST THEREON ACCRUING AT THE RATE OF 4.00% PER ANNUM.**

6. The parties hereto agree that the aforementioned sum of $58,000.00, plus interest shall be paid to Secured Creditor over one hundred eighty (180) months by making direct monthly installments of $429.02 commencing on August 20, 2010 and ending on July 20, 2025. However, in event the Debtors fail to pay-off the entire $58,000.00 as provided for above, Secured Creditor shall be entitled to enforce the **full balance** of its lien as provided for pursuant to the underlying promissory note, less any credits for monies paid to Secured Creditor since the Debtors filed their bankruptcy petition.

2

Case: 09-72118    Doc# 21    Filed: 07/29/10    Entered: 07/29/10 15:27:15    Page 2 of 4

7. The parties hereto agree that the remaining balance of Secured Creditor's secured claim shall be paid as a general unsecured claim pursuant to Debtors' Chapter 13 Plan.

8. The parties hereto further agree that Debtors may pay the modified balance of $58,000.00 at anytime without prepayment penalty.

9. The parties hereto agree that Secured Creditor shall, under the terms of the Stipulation, only release its secured interest in the Second Deed of Trust recorded against the Property upon payment of the sum of $58,000.00 plus interest as provided for herein and the timely completion of Debtors' Chapter 13 Plan and Discharge. In addition to the foregoing, if the above referenced case is dismissed or converted without completion of the plan, such lien shall be retained by Secured Creditor in an amount based on the **full balance** of the underlying promissory note, less any credits for monies paid to Secured Creditor since the Debtors filed their bankruptcy petition.

10. The parties hereto further agree that until such time as Debtors have provided Secured Creditor with payment in the sum of $58,000.00 plus interest as provided for herein, Secured Creditor's Second Deed of Trust recorded against the Property shall remain in full force and effect and treated as otherwise provided for above and to the full extent recognized by applicable nonbankruptcy law.

11. The parties hereto further agree that Secured Creditor's lien and Second Deed of Trust survive Debtors' Chapter 13 discharge as a long term debt.

///

///

///

///

12. Debtors hereby agree to amend the Chapter 13 Plan and/or accompanying Schedules, as and if necessary, to ensure that the same conform with the terms set forth herein.

Dated: July 27, 2010  LAW OFFICES OF
PATRICK L. FORTE

By __/s/ Corrine Bielejeski
  Attorneys for Debtors,
  GARY S. KING and
  JANICE R. KING

Dated: July 29, 2010  LAW OFFICES OF
AUSTIN P. NAGEL

By __/s/ Austin P. Nagel
  Attorney for Secured Creditor,
  WELLS FARGO BANK, N.A.

I, MARTHA G. BRONITSKY, Chapter 13 Trustee in the above-entitled action, hereby acknowledge that I have read the foregoing Stipulation and I have no opposition to the parties thereto entering into, or being bound by, such an agreement.

Dated: July 28, 2010  /s/ Martha G. Bronitsky
MARTHA G. BRONITSKY,
Chapter 13 Trustee

WFBBK.698TLMT STP

4